IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER BELLEVILLE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| V. | )  Civil No. **09-962-JPG** |
| | ) |
| COTTRELL, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Defendants Toyota Motor Sales, USA, Inc., and Toyota Logistics Services, Inc., are before the Court pursuant to Federal Rule of Civil Procedure 12(e) seeking a more definite statement. **(Doc. 7).** Defendants find Counts VII, VIII and XX-XXII "vague," particularly with respect to facts about precisely how plaintiff Chester Belleville was supposedly injured. The aforementioned counts are all premised upon allegations set forth in Count I, that plaintiff was injured during the operation of a ratchet tie down system. Defendants explain that they seek details such as whether plaintiff was injured when a vehicle shifted and rolled over him, whether he strained a portion of his body while operating the tie down system, whether he fell while operating the tie down system, etc.

Federal Rule of Civil Procedure 8(a) requires only "notice" pleading. However, Federal Rule of Civil Procedure 12(e) does provide that a more definite statement may be required if the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. Nevertheless, a pleading that is merely confusing is not ordinarily a fatal defect. ***Fidelity National Title Insurance Company of New York v. Intercounty National***

1

*Insurance Company*, 412 F.3d 745, 749 (7th Cir. 2005).

This Court's review of the complaint confirms that it is lacking in details regarding injuries allegedly incurred that would expedite one's understanding of the claims and undoubtedly aid the defendants in formulating their defense for trial. However, the alleged inadequacies of the rig's tie down system are listed, and it is alleged that plaintiff sustained "severe and permanent injuries to his head and related areas while exerting required and/or foreseeable force and pressure on the ratchet system." **(Doc. 2-2, pp. 5-6)**. Plaintiff claims pain and mental anguish, as well as permanent disfiguring injuries, and financial consequences. **(Doc. 2-2, p. 6)**. Relative to Toyota Motor Sales, Count VII indicates that the defendant required its vehicles to be hauled by trailers using the tie town system at issue, and it is alleged a duty was owed. Count VIII alleges defendant Toyota Motor Sales had prior knowledge of the allegedly unsafe system and resulting injuries, but still required use of the system without sufficient warnings and instructions. **(Doc. 2-2, pp. 15-16)**. Counts XX-XXI pertain to defendant Toyota Logistics, and reiterate the allegations made in Counts VII and VIII. Count XXII pertains to all defendants and alleges that plaintiff's wife, co-plaintiff Gwendylynn Belleville, "has been deprived of the support and services of her husband." **(Doc. 2-2, p. 36)**. Each count is relatively easy to understand; therefore, the Court finds it reasonable for defendants to formulate a responsive pleading.

The Advisory Committee Notes to the 1946 Amendment to Rule 12(e) reflect thatdiscovery is the means by which to flesh out an artless complaint, not a more definite statement, which would be tantamount to holding plaintiff to a heightened pleading standard.

**IT IS HEREBY ORDERED** that the defendants' motion for a more defintie statement

**(Doc. 7)** is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  December 2, 2009**

                                              <u>**s/ Clifford J. Proud**</u>
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**