IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHESTER BELLEVILLE and )
GWENDLYNN BELLEVILLE, )
                                                        )
                    Plaintiffs,              )
                                                        )
v.                                                     )          Case No.: 09-cv-962-JPG-CJP
                                                        )
COTTRELL, INC. AUTO HANDLING )
CORPORATION, TOYOTA MOTOR )
SALES USA, INC., CASSENS CORP., )
CASSENS & SONS, INC., ROGER )
OWENS, AMERICAN ZURICH )
INSURANCE COMPANY, and )
TOYOTA LOGISTICS SERVICES, INC., )
                                                        )
                    Defendants.           )

## MEMORANDUM AND ORDER

THIS MATTER comes before the Court on the plaintiffs' notice of voluntary dismissal

of defendants Cassens Corporation and Cassens and Sons, Inc. presumably pursuant to Federal

Rule of Civil Procedure 41(a)(1)(i) (Doc. 31).  Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss

all claims against a defendant without a court order at any time before the opposing party serves

an answer or a motion for summary judgment.

Ordinarily a Rule 41(a)(1)(A)(i) notice of dismissal is self-executing and removes any

further authority for the Court to act in the matter.  *See Smith v. Potter*, 513 F.3d 781, 782 (7th

Cir. 2008).  Here, the Court is given pause because of a subject matter jurisdiction question:  the

parties are not completely diverse, a requirement for original jurisdiction under 28 U.S.C. §

1332(a).  Ordinarily subject matter jurisdiction questions are threshold matters for the Court.

However, where a plaintiff files a notice of dismissal and where the question of whether the

notice of dismissal satisfies Rule 41(a)(1)(A)(i) requires only a perfunctory analysis, a proper

Rule 41(a)(1)(A)(i) notice of dismissal obviates the need for inquiry into the Court's subject matter jurisdiction as to the matters dismissed. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (7th Cir. 1999) (citing *Nix v. Fulton Lodge No. 2 of the Int'l Ass'n of Machinists*, 452 F.2d 794, 797-98 (5th Cir. 1971)); *see Crook v. WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006). The analysis required in this case is clearly perfunctory.

Here, defendants Cassens Corporation and Cassens and Sons, Inc. have not served an answer or motion for summary judgment. Because the plaintiffs have an absolute right under Rule 41(a)(1)(A)(i) to dismiss their claims against defendants Cassens Corporation (Counts XI through XVI in their entirety and Count XXII as to Cassens Corporation) and Cassens and Sons, Inc. (Counts XVII through XIX in their entirety and Count XXII as to Cassens and Sons, Inc.) at the present time, the Court finds that Counts XI through XIX in their entirety and Count XXII as to Cassens Corporation and Cassens and Sons, Inc. are **DISMISSED without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case. Defendants Cassens Corporation and Cassens and Sons, Inc. are terminated from this case.

**SO ORDERED.**
**Dated:  December 16, 2009**

s/ J. Phil Gilbert
**United States District Judge J. Phil Gilbert**