UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHESTER BELLEVILLE and GWENDOLYN
BELLEVILLE,

          Plaintiffs,

    v.

                         Case No. 09-cv-962-JPG

COTTRELL, INC., AUTO HANDLING CORPORATION,
TOYOTA MOTOR SALES USA, INC., CASSENS CORP.,
CASSENS & SONS, INC., ROGER OWENS, AMERICAN
ZURICH INSURANCE COMPANY and TOYOTA
LOGISTICS SERVICES, INC.,

          Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to remand filed by plaintiffs Chester
Belleville and Gwendolyn Belleville (collectively, "the Bellevilles") (Doc. 38). Defendant
Cottrell, Inc. ("Cottrell") has responded to the motion (Doc. 48).

**I.     Background**

The Bellevilles originally filed this case in the Circuit Court for the Third Judicial Circuit
in Madison County, Illinois. They allege that, as an employee of Jack Cooper Transport
Company ("Jack Cooper"), Chester Belleville was injured on March 18, 2008, while using a
chain and ratchet tie-down system on a tractor-trailer rig designed and distributed by defendant
Cottrell. The Bellevilles allege that the defendants are liable for their injuries under theories of
strict products liability, negligence, breach of contract, breach of warranty, invasion of privacy,
conspiracy to invade privacy, consumer fraud, promissory estoppel and/or common law fraud.
Gwendolyn Belleville brings a claim for loss of the support and services of her husband Chester.

Cottrell believes the Bellevilles, citizens of Illinois, are completely diverse from itself, a citizen of Georgia, and defendant Auto Handling Corporation, a citizen of Delaware and Missouri, and defendants Toyota Motor Sales USA, Inc. and Toyota Logistics Services, Inc., both citizens of California.  Cottrell believes that the citizenships of defendants Cassens Corporation, Cassens & Sons, Inc. (collectively, "the Cassens defendants"), Roger Owens and American Zurich Insurance Company ("AZIC"), all of which are citizens of Illinois, must be disregarded for the purpose of determining diversity because they are fraudulently joined.  In light of the fact that more than $75,000 is in issue, exclusive of interest and costs, Cottrell removed this case to federal court under 28 U.S.C. § 1441(a), relying on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a).  Since removal, the Bellevilles have voluntarily dismissed all their claims against the Cassens defendants.

The Bellevilles now ask the Court to remand this case for lack of subject matter jurisdiction because they are not completely diverse from Owens and AZIC as required by 28 U.S.C. § 1332(a).  Alternatively, the Bellevilles ask for remand in light of the forum defendant rule, which allows removal of diversity actions "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  The Bellevilles filed their motion for remand 34 days after Cottrell filed its notice of removal.

In response, Cottrell argues that the fraudulent joinder doctrine permits the Court to disregard the Illinois defendants' citizenships.  Cottrell further argues the Bellevilles have waived their forum defendant rule argument by failing to file their motion to remand within 30 days of the notice of removal as required by 28 U.S.C. § 1447(c).

2

## II.   Analysis

### A.   Pleadings and Burdens

Before reaching the substantive issues, a word is in order about the pleading requirements and the burden of proof applicable to the pending motion to remand.  The Bellevilles incorrectly assert that Cottrell's notice of removal is deficient because it does not contain sufficient evidence to show fraudulent joinder.  There is no requirement that a notice of removal attach evidence.  On the contrary, the notice of removal need only "contain[] a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  This language mirrors the pleading standard set forth in Federal Rule of Civil Procedure 8(a), and courts accordingly apply the same liberal notice pleading standard to notices of removal.  *See Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.*, 417 F.3d 444, 447 (5th Cir. 2005) ("notice of removal was sufficient . . . if it provided the district court with facts from which removal jurisdiction . . . could be determined").  Under that standard, so long as the Court is provided with factual allegations from which removal jurisdiction can be determined, the notice is sufficient.  14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3733 (3d ed. 2006).  Cottrell's notice of removal provides sufficient factual allegations to determine federal subject matter jurisdiction.

For its part, Cottrell erroneously believes that all of the assertions of the notice of removal must be taken as true if they are not contradicted in the plaintiff's motion to remand.  It may be true that the notice of removal's factual allegations to support jurisdiction will be accepted as true if they are not challenged by a motion to remand.  *See, e.g., Lewis v. AT & T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995).  However, this rule applies only to *factual allegations* such as, for example, allegations of a party's citizenship or of the amount in

3

controversy. *See, e.g., id.*  The general rule does not apply to *legal conclusions* like the assertion that a defendant was fraudulently joined.  The burden of proving a defendant is fraudulently joined rests at all times with the defendant, as the proponent of federal jurisdiction, regardless of whether the plaintiff puts forth evidence challenging the fraudulent joinder assertion.  *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

The Court now turns to the question of subject matter jurisdiction.  It declines to address the question of whether the removal was procedurally deficient under the forum defendant rule. Failure to observe the forum defendant rule is a procedural defect, *Holmstrom v. Peterson*, 492 F.3d 833, 838 (7th Cir. 2007);  *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379 (7th Cir. 2000), and the Bellevilles have waived objection to procedural defects by failing to move for remand within 30 days of when Cottrell filed the notice of removal.  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

B.   Subject Matter Jurisdiction

A defendant may remove a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff originally filed it.  28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).  "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

4

1.      Original Diversity Jurisdiction

Cottrell relies on original federal diversity jurisdiction under 28 U.S.C. § 1332(a) as its basis for removal.  Diversity jurisdiction requires that the plaintiffs and defendants be completely diverse, that is, no plaintiff can be a citizen of the same state as any defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992) *(*citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).  Thus, since the Bellevilles, Owens and AZIC are all Illinois citizens, it appears at first blush that complete diversity does not exist, and the Court does not have removal jurisdiction over this case.[1]  However, Cottrell claims the Court must disregard Owens' and AZIC's citizenship because the Bellevilles fraudulently joined them in this litigation.

2.      Fraudulent Joinder Doctrine

Under the fraudulent joinder doctrine, a plaintiff may not avoid federal diversity jurisdiction by suing a non-diverse defendant simply to destroy diversity jurisdiction where there is no real claim against that defendant.  *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999);  *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).  The fraudulent joinder doctrine allows a court to disregard the citizenship of any fraudulently joined defendant when determining whether complete diversity exists.  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).  The court can then assume jurisdiction over the removed case, dismiss any non-diverse fraudulently joined defendant from the suit and retain jurisdiction over the case.  *Id.*

The fraudulent joinder doctrine applies when a defendant demonstrates that "after

---

[1]Later in this order, the Court addresses the consequences of the presence of the Cassens defendants at the time of removal.

resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73; *accord Schur*, 577 F.3d at 764.[2]  If there is "any reasonable possibility" that the plaintiff may prevail against a defendant, the defendant is not fraudulently joined. *Schur*, 577 F.3d at 764 (citing *Poulos*, 959 F.2d at 73). The defendant's burden is heavy, possibly even heavier than his burden with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schur*, 577 F.3d at 764.

The Court must ask then whether, after resolving all issues of fact and law in the Bellevilles' favor, they can establish a case against Owens and AZIC.  The Bellevilles' sole claim against AZIC is for an Illinois constitutional violation of Chester Belleville's privacy by obtaining confidential medical information (Count IX), and their sole claim against Owens is for conspiring with AZIC to commit that violation (Count X).

Viewing all the facts in the Bellevilles' favor, the pleadings and other documents in the file establish that AZIC administered Jack Cooper's workers' compensation benefits program, including the claim for benefits filed by Chester Belleville after his March 18, 2008, injury.  In administering Chester Belleville's claim, AZIC agreed with Owens to obtain Chester Belleville's medical records.  Pursuant to this agreement and as a condition of receiving worker's compensation benefits, Owens required Belleville to sign a release authorizing AZIC to obtain

---

[2]Fraudulent joinder can also be established where there has been outright fraud in plaintiff's pleading of jurisdictional facts.  *Gottlieb*, 990 F.2d at 327.  Some court have held that the doctrine of fraudulent joinder also applies where there is egregious misjoinder of unrelated claims.  *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).  Cottrell has not alleged outright fraud in the Bellevilles' pleading or that Owens and AZIC were egregiously misjoined.  Therefore, the Court considers only the other application of the fraudulent joinder doctrine.

his medical records and to speak to Belleville's treating physician.  As a consequence, AZIC was able to obtain Belleville's confidential medical information.

The Court must now consider whether under these facts the Bellevilles have a reasonable possibility of prevailing against AZIC on an invasion of privacy claim and against Owens on a conspiracy to invade privacy claim.  The parties assume that Illinois law applies to the counts against AZIC and Owens.  Indeed, the Bellevilles' complaint and motion to remand cite Illinois law as a basis for their claims.  The Court sees no obvious reason to challenge that assumption and will proceed as if Illinois law applied.

3.   <u>AZIC: Invasion of Privacy</u>

The Bellevilles' complaint refers to the Illinois Constitution as the source of AZIC's alleged duty not to obtain Chester Belleville's confidential medical information.  It also makes passing reference to the *Petrillo* doctrine in its claim against Owens.  *See Petrillo v. Syntex Labs., Inc.*, 499 N.E.2d 952 (Ill. App. Ct. 1986).  In their motion to remand, they also cite *Lovgren v. Citizens First National Bank of Princeton*, 534 N.E.2d 987, 988 (Ill. 1989), which discusses common law invasion of privacy claims.  The Court examines each potential source in turn.[3]

---

[3]In an unrelated filing (Doc. 43), the plaintiffs also cite *Mandziara v. Canulli*, 701 N.E.2d 127 (Ill. App. Ct. 1998), a case in which an attorney was liable under the Mental Health and Developmental Disabilities Confidentiality Act**,** 740 ILCS 110/1 *et seq*., after serving a subpoena *duces tecum* without a court order as required by the act.  *Id.* at 133-34.  This case does not involve serving a subpoena without a court order, and the Bellevilles have not hinted how the facts in this case amount to a violation of the act.  Their main argument why AZIC is not fraudulently joined is, "If a lawyer, in civil litigation, who improperly obtains certain records can be held liable, it is only logical that a non-lawyer who does the same thing, or something similar, can also be held liable" (Doc. 43 at 3).  This is an absurd argument and does not justify finding the Bellevilles have a possibility of prevailing on such a claim.

7

a.      Illinois Constitution

The Bellevilles have no reasonable possibility of holding AZIC liable based on the violation of privacy rights created by the Illinois Constitution.  While it is true that the Illinois Constitution guarantees the right against unreasonable invasions of privacy, *see* Ill. Const. art. I, § 6, that right applies only to violation by government conduct.  *See Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1097 (Ill. 1997) (citing *Barr v. Kelso-Burnett Co.*, 478 N.E.2d 1354, 1357 (Ill. 1985)).  This case involves no government action.

The Illinois Constitution also guarantees the right to a remedy for injuries to privacy against non-governmental parties.  *See* Ill. Const. art I, § 12;  *Best*, 689 N.E.2d at 1097.  This provision does not, however, create an independent cause of action for an invasion of privacy. *Segers v. Industrial Comm'n*, 732 N.E.2d 488, 497 (Ill. 2000).  It simply expresses a public policy philosophy with which Illinois statutes must comply.  *Id.* (citing *Best*, 689 N.E.2d at 458-59).

b.      *Petrillo* Doctrine

The case of *Petrillo v. Syntex Labs., Inc.*, 499 N.E.2d 952 (Ill. App. Ct. 1986), similarly recognizes a public policy but does not create a cause of action for invasion of privacy.  *Petrillo* "recognized a strong public policy in preserving the confidential and fiduciary physician-patient relationship and held that such public policy is violated by ex parte communications between defendants or their counsel and plaintiffs' treating physicians."  *Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1096 (Ill. 1997).  The upshot of *Petrillo* is that, absent patient consent, communication between defense counsel and a plaintiff's treating physician about confidential medical information can only be conducted through discovery.  *Id.* at 1098;  *Petrillo*, 499 N.E.2d at 959.  The remedy for a violation of the *Petrillo* rule is generally exclusion of evidence.  *See,*

8

*e.g., Roberson v. Liu*, 555 N.E.2d 999, 1003 (Ill. App. Ct. 1990). *Petrillo* and its progeny do not,

however, create a cause of action under which the Bellevilles can sue AZIC for talking to

Chester Belleville's physician.

c.     <u>Common Law Tort</u>

There are four types of invasion of privacy common law tort claims: "(1) intrusion upon

the seclusion of another . . .; (2) appropriation of name or likeness of another . . . ; (3) publicity

given to private life . . . ; and (4) publicity placing person in false light . . . ." *Lovgren v. Citizens*

*First Nat'l Bank of Princeton*, 534 N.E.2d 987, 988 (Ill. 1989) (citing Restatement (Second) of

Torts §§ 652B, 652C, 652D & 652E (1977)).  The only one of these theories even arguably

applicable to a claim that medical information was improperly obtained is the first – intrusion

upon the seclusion of another.  This tort occurs when one conducts "some type of highly

offensive prying into the physical boundaries or affairs of another person." *Lovgren*, 534 N.E.2d

at 989.

While the Illinois Supreme Court has not explicitly recognized such a tort, *see id.*, all of

the Illinois Appellate Courts have.  *See Burns v. Masterbrand Cabinets, Inc.*, 874 N.E.2d 72, 75-

76 (Ill. App. Ct. 2007) (Fourth District) (citing *Melvin v. Burling*, 490 N.E.2d 1011 (Ill. App. Ct.

1986) (Third District);  *Davis v. Temple*, 673 N.E.2d 737 (Ill. App. Ct. 1996) (Fifth District);

*Benitez v. KFC Nat'l Mgmt. Co.*, 714 N.E.2d 1002 (Ill. App. Ct. 1999) (Second District);

*Johnson v. K Mart Corp.*, 723 N.E.2d 1192 (Ill. App. Ct. 2000) (First District);  *Schmidt v.*

*Ameritech Ill.*, 768 N.E.2d 303 (Ill. App. Ct. 2002) (First District)).  Construing the issues of law

in the Bellevilles' favor, the Court must assume that the Illinois Supreme Court would too

recognize the cause of action if called upon to decide the question.

The elements of the tort of intrusion upon the seclusion of another as stated by the

9

Illinois Appellate Courts are "(1) an unauthorized intrusion or prying into the plaintiff's seclusion, (2) the intrusion must be offensive or objectionable to a reasonable man, (3) the matter upon which the intrusion occurs must be private, and (4) the intrusion causes anguish and suffering." *Burns*, 874 N.E.2d at 77 (citing *Melvin*, 490 N.E.2d at 1013-14). Cottrell argues it is not reasonably possible that the Bellevilles can prove the first element – an unauthorized intrusion – in light of the Missouri Workers' Compensation Law, which authorizes a workers' compensation administrator access to a claimant's medical information.

Indeed, the Missouri Workers' Compensation Law authorizes workers' compensation administrators like AZIC to obtain medical records of injured workers whose claims they administer. The law provides, in pertinent part, "Every hospital or other person furnishing the employee with medical aid [for a workplace injury covered by workers' compensation law] shall permit its record to be copied by and shall furnish full information to . . . the employer . . . ." Mo. Rev. Stat. § 287.140.7. When the statute refers to the "employer," that term includes the employer's insurer or group self-insurer. Mo. Rev. Stat. § 287.030.2. In light of this authorization for AZIC to obtain full medical information regarding Chester Belleville, it is not reasonably possible that the Bellevilles can prevail against AZIC on a common law claim for intrusion upon the seclusion of another.

For these reasons, the Bellevilles have no reasonable possibility of prevailing against AZIC on an invasion of privacy claim. AZIC was therefore fraudulently joined in Count IX.

### 4.   Owens: Conspiracy to Invade Privacy

The Bellevilles have no reasonable possibility of prevailing against Owens in Count X on a conspiracy theory because, as explained above, there is no reasonable possibility of any underlying invasion of privacy claim in Count IX. In order to establish a civil conspiracy claim,

a plaintiff must prove:  "(1) a combination of two or more persons, (2) for the purpose of

accomplishing by some concerted action either an unlawful purpose or a lawful purpose by

unlawful means, (3) in the furtherance of which one of the conspirators committed an overt

tortious or unlawful act."  *Fritz v. Johnston*, 807 N.E.2d 461, 470 (Ill. 2004).  If a plaintiff has no

independent cause of action underlying his conspiracy claim, the conspiracy claim cannot

succeed.  *Thomas v. Fuerst*, 803 N.E.2d 619, 626 (Ill. App. Ct. 2004).  The Bellevilles rely on

their invasion of privacy claim as the underlying tort supporting their conspiracy claim.  Because

they have no reasonable possibility of establishing the underlying claim, as explained above,

their conspiracy claim must also fail.  For this reason, Owens was fraudulently joined in Count

X.

### 5.   Gwendolyn Belleville:  Loss of Support and Services

Gwendolyn Belleville's loss of consortium claim (Count XXII) is derivative of Chester

Belleville's claims.  *See Monroe v. Trinity Hosp.-Advocate*, 803 N.E.2d 1002, 1005 (Ill. App. Ct.

2003).  Because Chester Belleville has no reasonable possibility of making out his claims against

AZIC or Owens, his wife has no reasonable possibility of making out her derivative claim.

Thus, AZIC and Owens were also fraudulently joined in Count XXII.

### C.   The Cassens Defendants

Although the parties do not mention the Cassens defendants in their briefing on the

motion to remand, the Court addresses them *sua sponte* because their presence at the time of

removal raises a subject matter jurisdiction problem.  The Court has an independent duty to

ensure that it has subject matter jurisdiction to hear cases brought before it.  *Hammes v. AAMCO*

*Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994).  "[O]nce the district judge has reason to

believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to

the merits even if the defendant, whether as a matter of indolence or of strategy, does not press the issue." *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986); *accord Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998).

The Bellevilles sued the Cassens defendants under theories of strict products liability, negligence, breach of contract, breach of warranty, consumer fraud, promissory estoppel and common law fraud. They believe the Cassens Corporation controlled the design, specifications and testing of the trailer involved in this case, provided instructions and warnings to Cottrell, the trailer's manufacturer, and proximately caused the Bellevilles' injuries. They believe Cassens & Sons, Inc. distributed the tractor-trailer rig involved in this case and placed it into the stream of commerce. In the notice of removal, Cottrell denies the allegations tying the Cassens defendants to this lawsuit.

The parties have ignored the Cassens defendants, both citizens of Illinois, in their jurisdictional arguments because the Bellevilles voluntarily dismissed them from this case after removal (Doc. 31). They were, however, parties at the time of removal. When a case is removed on the basis of diversity jurisdiction, complete diversity must exist *at the time the case is removed*. *Tylka v. Gerber Prods., Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The Cassens defendants' presence at the time of removal destroyed diversity jurisdiction and would require remand unless they too were fraudulently joined.

Cottrell may believe that the Court should disregard the citizenships of the Cassens defendants because they have been dismissed from this case. Indeed, there is caselaw to support the notion that as long as jurisdiction exists at the time of judgment, prior jurisdictional flaws can be ignored. In *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996), there was a lack of complete diversity at the time of removal, but it was cured by the post-removal dismissal of a

12

non-diverse defendant before judgment. *Id.* The Supreme Court held that the lack of complete diversity at the time of removal was not grounds for a court of appeals to reverse a district court's judgment and remand the case to state court. *Id.* It reasoned that such a remand after entry of judgment would impose an exorbitant cost on the federal and state court systems and the administration of justice. *Id.* at 77. After judgment, the Supreme Court held, "considerations of finality, efficiency, and economy become overwhelming." *Id.* at 76. Nevertheless, the *Caterpillar* court reminded district courts, "The procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed," and rejected the assumption that district courts would not understand or would balk at applying removal rules. *Id.* at 77.

In light of the admonitions to district courts in *Caterpillar* to respect removal rules, the Court is not inclined to overlook at this early stage of the case a lack of complete diversity at the time of removal. In light of the Bellevilles' allegation that Cassens Corporation controlled the design, specifications and testing of Cottrell trailers like the one at issue in this case and thereby caused Chester Belleville's accident, Cassens Corporation is not fraudulently joined. On the contrary, if the Bellevilles' allegations are true, as the Court must assume in its fraudulent joinder analysis, there is a reasonable possibility that Cassens Corporation might have been liable had it not been voluntarily dismissed. It was, therefore, not fraudulently joined, and it destroys diversity jurisdiction at the time of removal. For this reason, the Court must remand this case.

**III.    Conclusion**

For the foregoing reasons, the Court **DENIES** the Bellevilles' motion to remand (Doc. 38) based on their common citizenship with defendants AZIC and Owens but **REMANDS** this

case to the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, for **lack of**

**jurisdiction** based on the plaintiffs' common citizenship with defendant Cassens Corporation.

**IT IS SO ORDERED.**
**DATED:  March 24, 2010**


s/ J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**